[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1865

 UNITED STATES,

 Appellee,

 v.

 EDGAR CAMACHO,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Patti B. Saris, U.S. District Judge]

 Before

 Boudin, Stahl and Lynch,
 Circuit Judges.

 Joshua L. Gordon on brief for appellant.
 Donald K. Stern, United States Attorney, and Kevin P. McGrath,
Assistant U.S. Attorney, on brief for appellee.

February 24, 2000

 Per Curiam. After a thorough review of the record
and of the parties' submissions, we affirm. Drug quantity was
not an element of the offense, so the lower court's failure at
the Rule 11 hearing to explore the factual basis for the
quantity specified in the plea agreement was not error. United
States v. Lindia, 82 F.3d 1154, 1160 (1st Cir. 1996). We see
no clear error in the court's finding at sentencing that
Camacho should be responsible for the quantity specified in the
plea agreement, especially in light of Camacho's agreement to
be responsible for that amount, United States v. Marrero-
Rivera, 124 F.3d 342, 354 (1st Cir. 1997); his admission that
he was involved in the conspiracy during the times in question,
United States v. Miranda-Santiago, 96 F.3d 517, 524-25 (1st Cir.
1996); and the benefits Camacho reaped from the agreement, id. 
Camacho's ineffective assistance of counsel claim is not
cognizable on direct appeal. United States v. Torres, 162 F.3d
6, 11 n. 3 (1st Cir. 1998).
 Affirmed. 1st Cir. Loc. R. 27(c).